UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VINCENT R. MANGIN,
    Plaintiff,

-vs-                      Case No. 6:07-cv-1649-Orl-18KRS

JOHN W. ROBERTSON, JR.,
FLORIDA DEPARTMENT OF HEALTH,
FISH HOSPITAL,
    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Defendant Florida Department of Health's ("the Department") Motion to Dismiss the Complaint (Doc. 10, filed November 20, 2007), Defendant John W. Robertson, Jr.'s Motion to Dismiss the Complaint and Motion to Strike (Doc. 12, filed November 27, 2007), and Defendant Florida Hospital Fish Memorial's ("the Hospital") Motion to Dismiss. (Doc. 13, filed November 28, 2007.) Pro se Plaintiff Vincent R. Mangin ("Plaintiff") filed three responses in opposition. (Doc. 15, filed November 29, 2007; Doc. 21, filed December 10, 2007; Doc. 22, filed December 10, 2007.) Plaintiff brings this action against Robertson for alleged medical fraud, against the Department for its alleged failure to assist Plaintiff with his medical malpractice claim, and against the Hospital for its alleged role in the claimed malpractice. After reviewing the motions and memoranda, the Court grants each motion and dismisses the case.

## I. FACTUAL BACKGROUND

Plaintiff alleges that this suit is for "medical fraud." (Doc. 1, filed October 16, 2007.) Specifically, Plaintiff claims Robertson committed medical fraud on two surgery documents, prepared on December 22, 2000 and December 27, 2000, and on an emergency room report prepared on December 24, 2000, by failing to disclose that he had sutured Plaintiff's genitofemoral nerve to the screen during a laparoscopic hernia operation. Plaintiff claims he was last treated by Robertson on February 15, 2001. As a result, Plaintiff alleges he suffered "unrelenting torturous pain" and endured eighteen months without treatment. (Id. at 1.) Plaintiff was eventually treated by Dr. Alexander Sparkhul, who performed another surgery on September 19, 2002. Plaintiff alleges that the Department refused to speak with Dr. Sparkuhl about Plaintiff's test results and surgery documents. Plaintiff further claims that the Department ignored the medical evidence provided by Dr. Sparkuhl in making its determination that no new or relevant information had been provided regarding Plaintiff's malpractice case. Finally, Plaintiff alleges that the Hospital's staff ignored his plea for help in the recovery room on December 22, 2000 and that the Hospital dismissed its investigation of the real surgery results and Plaintiff's complaint letters. Based on these claims, Defendant initiated this action for damages against Robertson, the Department, and the Hospital on October 16, 2007.

## II. DISCUSSION

*A. Motion to Dismiss Standard*

In reviewing a motion to dismiss, a court must accept the allegations as true and "must construe the facts alleged in the light most favorable to the plaintiff." Hunnings v. Texaco, Inc.,

29 F.3d 1480, 1484 (11th Cir. 1994). All that is required under the Federal Rules of Civil Procedure is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

### B. Motion to Dismiss by the Department

Plaintiff's Complaint does not state the basis of its claim against the Department, but should be construed as a claim under 42 U.S.C. § 1983. The Department contends that Plaintiff's claim is barred by the Eleventh Amendment of the United States Constitution because the Department is a State of Florida government entity. (Doc. 10 at 3-5.)

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Thus, "[a]bsent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court." Gamble v. Fla. Dep't of Health & Rehabilitative Servs., 779 F.2d 1509, 1511 (11th Cir. 1986). The Supreme Court has expanded the Eleventh Amendment immunity such that "a federal court could not entertain a suit brought by a citizen against his own State." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984).

The State of Florida has not waived its immunity to be sued for damages under § 1983 and Plaintiff has not alleged that there has been such a waiver. Thus, the Court finds that

Plaintiff's claim against the Department is barred by the Eleventh Amendment and must be dismissed with prejudice.

Even if Plaintiff's claim is not barred by the Eleventh Amendment, the complaint must still be dismissed. "Section 1983 imposes liability for violations of rights protected by the Constitution." Baker v. McCollan, 443 U.S. 137, 146 (1979). Plaintiff has not alleged a violation of his constitutional rights as required to sustain a cause of action based on section 1983. Moreover, Plaintiff has failed to allege any duty owed by the Department to assist Plaintiff with his medical malpractice claim. Thus, the Court finds that Plaintiff's complaint must be dismissed for failure to state a cause of action.

Accordingly, Plaintiff's action against the Department is dismissed with prejudice.

### C. Motions to Dismiss by Robertson and the Hospital

Both Robertson and the Hospital argue that Plaintiff's Complaint fails to state a claim upon which relief can be granted because it fails to comply with the requirements of Chapter 766, Florida Statutes, which sets forth the conditions precedent to maintaining an action for medical malpractice. (Doc. 12 at 4-9; Doc. 13 at 4-6.) Additionally, Robertson and the Hospital contend that Plaintiff's claim is barred by the statute of limitations. (Doc. 12 at 10-16; Doc. 13 at 6-9.)

Plaintiff insists that his claim is for "medical fraud," but the allegations in the Complaint suggest that he is seeking recovery for alleged medical malpractice. (See Doc. 1; Doc. 21.) "Chapter 766 sets out a complex, but detailed and specific, presuit investigation procedure that both a claimant and a defendant must satisfy before a medical negligence claim can be brought

in court." Clark v. Sarasota County Pub. Hosp. Bd., 65 F. Supp. 2d 1308, 1310 (M.D. Fla. 1998). These presuit requirements are a condition precedent to filing a medical malpractice suit. Patry v. Capps, 633 So. 2d 9, 11 (Fla. 1994). "If a court finds that a claimant has not complied with the presuit procedures prior to filing his complaint, § 766.206(2), Florida Statutes directs the court to dismiss the action." Clark, 65 F. Supp. 2d at 1310. If "the default cannot be remedied before the statute of limitations run, the court's dismissal should be with prejudice." Id. Plaintiff has made no allegation regarding compliance with Chapter 766 of the Florida Statutes, and has failed to satisfy the state-imposed conditions precedent to filing a complaint for medical malpractice. Accordingly, the Court dismisses Plaintiff's claims against Robertson and the Hospital.

Additionally, Robertson and the Hospital contend that the statute of limitations for Plaintiff's claim expired before Plaintiff filed this action. In Florida,

> [a]n action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued.

Fla. Stat. § 95.11(4)(b). Plaintiff alleges the injury occurred in December 2000. (Doc. 1 at 1.) However, Plaintiff failed to file this action within four years of December 2000, thus the claim for medical malpractice is barred by the statute of limitations.

Even if Plaintiff's complaint is construed as alleging fraud, Plaintiff's claim is barred by the statute of limitations. Under Florida law, there is a four-year statute of limitations for an action based on fraud. Fla. Stat. § 95.11(3)(j). The period begins to run "from the time the facts

giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.031(2)(a). Plaintiff's claim of "medical fraud" refers to surgery documents completed on December 22 and 27, 2000 and an emergency room report completed on December 24, 2000. (Doc. 1 at 1.) At the very latest, Plaintiff discovered the facts giving rise to the alleged medical fraud by September 19, 2002, the date Plaintiff was treated by Dr. Sparkuhl for the injury allegedly caused by Robertson. (Id. at 2.) Plaintiff failed to file this action within four years of discovering any alleged fraudulent conduct involving the documents prepared by Robertson. Thus, Plaintiff's claim is barred by the statute of limitations.

Accordingly, Plaintiff's claims against Robertson and the Hospital are dismissed with prejudice.

## III. CONCLUSION

For the foregoing reasons, Defendant John W. Robertson, Jr.'s Motion to Dismiss is **GRANTED**, Defendant Florida Department of Health's Motion to Dismiss is **GRANTED**, and Defendant Florida Hospital Fish Memorial's Motion to Dismiss is **GRANTED**. The case is **DISMISSED WITH PREJUDICE**. Plaintiff's Motion to Review and Add (Doc. 25, filed December 31, 2007) is **DENIED** as moot. The Clerk of the Court is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Orlando, Florida on this ___24___ day of June, 2008.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties